# EXHIBIT 3

# UNREDACTED PUBLIC VERSION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INGENUS PHARMACEUTICALS, LLC, and LEIUTIS PHARMACEUTICALS LLP, <br><br> Plaintiff, <br><br> v. <br><br> ACCORD HEALTHCARE, INC., <br><br> Defendant. | C.A. No. 23-377-CFC <br> **ANDA CASE** |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Ingenus Pharmaceuticals, LLC, and Leiutis Pharmaceuticals LLP (collectively, "Plaintiffs"), without waiving any claim of privilege or work product protection, provide the following written statement of initial disclosures based on information reasonably available at this time.

Plaintiffs' disclosures represent a good faith effort to identify information they may use to support their claims and defenses of which they are aware as of this date. Plaintiffs reserve the right to supplement and/or amend these initial disclosures in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, any Order of the Court, and/or as investigations and discovery in this matter continue and new facts come to light. Plaintiffs support their claims and defenses for which they reserve all objections relative to the use, for any purpose, of these disclosures, or any of the information and documents referenced herein, in this case or any other case or proceeding. By making these initial disclosures, Plaintiffs do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this action. Nor do Plaintiffs waive their right to object to: (a) the production of any document or tangible thing

disclosed on the basis of privilege, work product immunity, relevancy, competency, materiality, hearsay, undue burden or any other proper ground for objection; (b) the use of any such information for any purpose, in whole or in part, in any proceeding in this or any action; or (c) any other discovery request or proceeding involving or relating to the subject matter of these initial disclosures, in this or any action, on any and all grounds, and at any time. Plaintiffs reserve the right to call any witness and present any exhibit or item at trial not listed here, but identified through discovery or investigation during this action.

## DISCLOSURES

**A.    Individuals with Discoverable Information, and the Subjects of that Information, that Plaintiffs May Use to Support their Claims and Counterclaim Defenses, Pursuant to Rule 26(a)(1)(A)(i)**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiffs identify the following individuals or companies, with addresses where known, as likely to have discoverable information that Plaintiffs may use to support its claims and/or defenses currently set forth in the Plaintiffs' pleadings, unless solely for impeachment. This disclosure does not identify or otherwise provide information concerning experts as this subject is not covered by Fed. R. Civ. P. 26(a)(1)(A)(i).

By identifying the following individuals, however, Plaintiffs do not authorize Defendant or anyone acting on its behalf to (a) contact or otherwise communicate with its current or former officers or employees – who may have privileged information – or (b) take any action prohibited by any rules of professional conduct. These individuals are to be contacted only through counsel for Plaintiffs.

| Individual | Contact Information | Subject(s) of Information |
|---|---|---|
| Kocherlakota Chandrashekhar, Named Inventor on '952 Patent | Contact through Plaintiffs' counsel only | Has knowledge of U.S. Patent No. 10,993,952 ("the patent-in-suit"), including the covered technology |
| Dr. Samir Mehta<br>Chief Operating Officer<br>Ingenus Pharmaceuticals<br>4190 Millenia Boulevard<br>Orlando, FL 32839 | Contact through Plaintiffs' counsel only | Sales and marketing of Ingenus cyclophosphamide injection products |
| Sabita Nair<br>Vice President-Regulatory Affairs | Accord Healthcare, Inc.<br>1009 Slater Road, Suite 210-B<br>Durham, NC 27703 | The preparation and contents of ANDA No. 218250 |
| Dr. Alpesh Pathak<br>Global Intellectual Property Head | Accord Healthcare, Inc.<br>1009 Slater Road, Suite 210-B<br>Durham, NC 27703 | Competitive intellectual property landscape for Accord's product portfolio and future plans |

Plaintiffs' identifications are not an admission that these individuals' testimony would be admissible evidence or that discovery may properly be sought from them consistent with Rule 26.

In addition to the individuals listed above, Plaintiffs incorporate by reference all individuals and entities listed in Defendant's disclosures, as well as individuals that Defendant may call as witnesses at trial to the extent they are otherwise subject to disclosure by Plaintiffs. Further, there may be additional current or former employees, consultants, attorneys, investors, shareholders, and agents of the parties who have additional information relevant to the claims and defenses asserted in this case. For example, persons whose names appear in documents produced or to be produced by the parties may have knowledge of relevant facts. Plaintiffs may seek information from such

persons to support their claims and defenses. Other individuals not specifically known to Plaintiffs at this time may possess relevant information.

Plaintiffs reserve the right to seek discovery concerning other persons who subsequently become known as persons likely to have discoverable information. Plaintiffs further reserve the right to modify the foregoing list and identify and call additional persons as witnesses if, during the course of discovery and investigation relating to this case, Plaintiffs learn that such additional persons have knowledge or information that Plaintiffs may use in support of their claims or defenses.

**B.     A Copy or a Description by Category and Location of All Documents, Electronically Stored Information, and Tangible Things that the Disclosing Party has in its Possession, Custody or Control and May Use to Support its Claims or Defenses Pursuant to Rule 26(a)(1)(A)(ii)**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiffs provide the following descriptions of documents, data compilations, and/or tangible things in its possession, custody, or control that Plaintiffs may use to support its claims and/or counterclaim defenses in this litigation, unless solely for impeachment. Plaintiffs reserve the right to rely upon additional categories of documents and information, including documents concerning the patent-in-suit and its prosecution, prior art relating thereto, and other documents concerning cyclophosphamide-related patents, patent applications, and/or research and development produced in discovery by other parties or third parties. By making these disclosures, Plaintiffs also reserve the right to object to the admissibility, relevance, and the like of such documents and evidence.

Plaintiffs identify the following documents and things:

1. U.S. Patent No. 10,993,952 ("the '952 patent"), its prosecution history, any related issued patent or published patent application, references cited in the '952 patent, prior art to the '952 patent, documents relating to the ownership of the patent, its

4

      assignment records, and other associated documents, which may be located at the Plaintiffs' facilities or the U.S. Patent and Trademark Office.

2. Documents relating to the sales of Plaintiffs' cyclophosphamide product, Cyclophosphamide Injection 500mg/2.5mL (200mg/mL), 1g/5mL (200mg/mL), and 2g/10mL (200 mg/mL).

3. Agreements related to the '952 Patent (including licensing agreements), or the subject matter claimed in the '952 Patent.

To the extent not already in Plaintiffs' possession, these documents and things are located or available in one or more of the Plaintiffs' facilities, the possession of Plaintiffs' counsel, the public domain, and/or will be produced during this litigation.

Plaintiffs expect to obtain further supporting documents from Defendant and third parties during the course of discovery. Plaintiffs reserve the right to supplement and/or amend these disclosures as necessary or appropriate as the case progresses and discovery is taken, in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, or any Order of the Court, and/or in response to specific discovery requests by the Defendant.

Certain documents include information that is confidential and sensitive in nature as to Plaintiffs' business interests, and documents containing such information will be produced in accordance with the protective order entered in this case. Plaintiffs further reserve the right to object to the production of any document within the categories of documents described herein on any basis permitted by the Federal Rules of Civil Procedure, the Local Rules, any Order of the Court, or any other applicable rules.

**C.     Statement as to Damages Under Rule 26(a)(1)(A)(iii)**

Under 35 U.S.C. § 271(e)(4)(C), damages or other monetary relief may be awarded in this action if Accord Healthcare, Inc. commercially manufactures, uses, offers to sell, or sells within

5

the United States, or imports into the United States any product that infringes the patent-in-suit. To Plaintiffs' knowledge, Accord Healthcare, Inc. has not yet engaged in such activity. Plaintiffs, however, request a judgement awarding damages or other monetary relief if Accord Healthcare, Inc. engages in any of those infringing actions. Plaintiffs specifically reserve the right to assert claims for damages under 35 U.S.C. § 271(e)(4)(C), 35 U.S.C. § 284, or both, as well as the right to seek increased damages due to Accord Healthcare, Inc.'s willful infringement. Plaintiffs also reserve the right to seek prejudgment interest. The amount of damages, other monetary relief, and prejudgment interest is not presently known.

Under 35 U.S.C. § 285, Plaintiffs seek an award of attorney's fees. Plaintiffs also seek costs of this suit. The amount of attorney's fees and costs is not presently known.

**D.     Statement as to Insurance Agreements Under Rule 26(a)(1)(A)(iv)**

Plaintiffs are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this actions or to indemnify or reimburse for payments made to satisfy the judgment. Plaintiffs reserve the right, however, to supplement these disclosures if any such insurance agreement is identifies.

| | |
|---|---|
| Dated: July 20, 2023 | **SMITH, KATZENSTEIN & JENKINS LLP** |
| *Of Counsel:* | */s/ Daniel A. Taylor* |
| Michael Dzwonczyk | Neal C. Belgam (No. 2721) |
| John T. Callahan | Daniel A. Taylor (No. 6934) |
| Chidambaram S. Iyer | 1000 West Street, Suite 1501 |
| L. Roman Rachuba | Wilmington, DE 19801 |
| **SUGHRUE MION PLLC** | (302) 652-8400 |
| 2000 Pennsylvania Ave., N.W., Suite 900 | nbelgam@skjlaw.com |
| Washington, D.C. 20006 | dtaylor@skjlaw.com |
| (973) 998-7722 | |
| Telephone: (202) 293-7060 | *Counsel for Plaintiffs Ingenus* |
| Facsimile: (202) 293-7860 | *Pharmaceuticals, LLC, and Leiutis* |
| mdzwonczyk@sughrue.com | *Pharmaceuticals LLP* |
| jcallahan@sughrue.com | |
| ciyer@sughrue.com | |
| lrachuba@sughrue.com | |

7