# EXHIBIT 4

# UNREDACTED PUBLIC VERSION

| | |
|---|---|
| **From:** | Rachuba, L Roman |
| **To:** | Alex Menchaca; Hur, Soo Jin; Dzwonczyk, Michael R.; Iyer, Chid S.; Callahan, John T.; nbelgam; Daniel A. Taylor; mdaughton@skjlaw.com; Cooper, Luke W. |
| **Cc:** | Ben J. Mahon; Brad P. Loren; Rajendra A. Chiplunkar; "schladweilerb@gtlaw.com"; "Renee.Delcollo@gtlaw.com" |
| **Subject:** | RE: Ingenus v. Accord -- deficient discovery responses |
| **Date:** | Wednesday, June 12, 2024 12:08:33 PM |
| **Attachments:** | image002.png |
| | image003.png |

Alex,

Plaintiffs will supplement their interrogatory responses tomorrow. A meet and confer on this issue is premature.

We will review your allegations regarding your alleged issues with Plaintiffs' RFA answers and respond in due course. We will not meet and confer tomorrow on an issue raised for the first time today. Moreover, your accusations of bad faith are not well taken.

Regards,
Roman

**From:** Alex Menchaca <AMENCHACA@mcandrews-ip.com>
**Sent:** Wednesday, June 12, 2024 10:29 AM
**To:** Hur, Soo Jin <shur@sughrue.com>; Dzwonczyk, Michael R. <mdzwonczyk@sughrue.com>; Iyer, Chid S. <ciyer@sughrue.com>; Callahan, John T. <Jcallahan@sughrue.com>; Rachuba, L Roman <lrachuba@sughrue.com>; nbelgam <nbelgam@skjlaw.com>; Daniel A. Taylor <DAT@skjlaw.com>; mdaughton@skjlaw.com; Cooper, Luke W. <lcooper@sughrue.com>
**Cc:** Ben J. Mahon <BMahon@mcandrews-ip.com>; Brad P. Loren <BLoren@mcandrews-ip.com>; Rajendra A. Chiplunkar <RChiplunkar@mcandrews-ip.com>; 'schladweilerb@gtlaw.com' <schladweilerb@gtlaw.com>; 'Renee.Delcollo@gtlaw.com' <Renee.Delcollo@gtlaw.com>
**Subject:** RE: Ingenus v. Accord -- deficient discovery responses


Counsel,

Having received no response to the below email, please advise of Plaintiffs availability Thursday, June 13 or Tuesday, June 18, 2024 for a meet and confer regarding the issues raised in the below email. Of particular interest, Plaintiffs must advise of their intent to supplement the interrogatory responses and for which responses Plaintiffs will stand on their current response and make no supplement.

At that meet and confer, Accord also intends to address deficiencies in Plaintiffs responses to requests to admit. Plaintiffs objections are not supported. For example, Plaintiffs object to the term "stability data," but that term is used in the patent in suit. Also, a number of responses appear to be in bad faith. For example, all of the asserted claims require both polyethylene glycol and propylene glycol. Example 3 has no polyethylene glycol. Examples 4 and 5 have no propylene glycol. Yet, when asked to admit that the formulations of examples 3, 4, and 5 do not fall within the scope of any claim of the 952 patent, Plaintiffs denied those requests. Further, to a number of requests to admit

Plaintiffs objected that the appropriate discovery mechanism was through other discovery requests, in particular, Interrogatory No. 7. As noted in my email of May 30, 2024, however, in response to interrogatory no. 7, Plaintiffs identified the entire prosecution history of the patent in suit pursuant to Rule 33(d). As noted in the below email, Plaintiffs response to interrogatory no. 7 is improper for at least two reasons – relying on Rule 33(d) and then not specifying the documents from which the information can be ascertained.

I look forward to chatting with you regarding these issues.

Best regards,
Alex.



**Alejandro Menchaca**
**Attorney at Law**
McAndrews, Held & Malloy, Ltd.
500 W. Madison St., 34th Floor | Chicago, IL 60661
P: 312-775-8103
amenchaca@mcandrews-ip.com
bio | v-card | website

CONFIDENTIALITY NOTICE:
This material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then deleting it from your system. Your cooperation is appreciated.

---

**From:** Alex Menchaca <AMENCHACA@mcandrews-ip.com>
**Sent:** Thursday, May 30, 2024 4:30 PM
**To:** 'Hur, Soo Jin' <shur@sughrue.com>; Dzwonczyk, Michael R. <mdzwonczyk@sughrue.com>; Iyer, Chid S. <ciyer@sughrue.com>; Callahan, John T. <Jcallahan@sughrue.com>; Rachuba, L Roman <lrachuba@sughrue.com>; nbelgam <nbelgam@skjlaw.com>; Daniel A. Taylor <DAT@skjlaw.com>; mdaughton@skjlaw.com; Cooper, Luke W. <lcooper@sughrue.com>
**Cc:** Ben J. Mahon <BMahon@mcandrews-ip.com>; Brad P. Loren <BLoren@mcandrews-ip.com>; Rajendra A. Chiplunkar <RChiplunkar@mcandrews-ip.com>; 'schladweilerb@gtlaw.com' <schladweilerb@gtlaw.com>; 'Renee.Delcollo@gtlaw.com' <Renee.Delcollo@gtlaw.com>
**Subject:** Ingenus v. Accord -- deficient discovery responses

Counsel,

Regarding Plaintiffs' responses to interrogatories, Plaintiffs have indicated in a number of their responses that they reserve the right to supplement.
Please confirm that Plaintiffs will supplement by June 15, 2024 any responses Plaintiffs intend to supplement.

Additionally, for a number of interrogatory responses, Plaintiffs have relied on Rule 33(d) and designated the entire prosecution history for the patent in suit. See, e.g., responses to interrogatories nos. 3, 5, 7, 9.

Such wholesale designation is improper. Rule 33(d) requires the responding party to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

Please confirm that Plaintiffs will supplement by June 15, 2024 their responses to properly specify the records within the prosecution history on which Plaintiffs rely in their interrogatory responses.

Regarding Plaintiffs' response to interrogatories nos. 10 and 11, Plaintiffs agree to supplement the responses after the court issues its claim construction decision.

As Plaintiffs are aware (and were aware when they served their interrogatory response), the court has declined to provide a claim construction decision and instead "will hear the indefinite defense(s) at the bench trial." D.I. 37.

Please confirm that Plaintiffs will supplement by June 15, 2024 their responses to interrogatories nos. 10 and 11.

Regarding contention interrogatories, Plaintiff objects to responding to many interrogatories because they seek Plaintiffs' contentions. Of course, at this stage of the litigation that is not a proper objection. *Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278–79 (N.D. Cal. 2015) (rejected a plaintiff's interrogatory response that essentially amounted to, "wait until we serve our expert report."); *Thorn EMI N. Am., Inc. v. Intel Corp.*, 936 F. Supp. 1186, 1191 (D. Del. 1996) (encouraging the use of contention interrogatories to provide "sufficient notice of the opposing party's contentions at trial and an opportunity to respond to those contentions"). Relying on Rule 33(d) in response to contention interrogatories, as Plaintiffs have done in responses to interrogatories nos. 7 and 9, is also not proper. *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, Nos. 09-cv-2118 and 08-cv-889, 2013 WL 12291705, at *1; *SEC v. Elfindepan*, 206 F.R.D. 574, 577 (M.D.N.C. 2002) (noting that contention interrogatories "do not lend themselves to answer by use of Rule 33(d)"); *A.R. v. Dudek*, No. 12-cv-60460, 2015 WL 11143084, at *4 (S.D. Fla. Oct. 9, 2015) ("[T]he utilization of Rule 33(d) to respond to contention interrogatories is inappropriate for various reasons."); *Culp v. Reed*, No. 1:19-CV-00106, 2021 WL 1341256, at *3 (N.D. Ind. Apr. 8, 2021) ("In any event, Rule 33(d) does not apply to contention interrogatories . . . .") (internal quotation marks and citation omitted).

Please confirm that Plaintiffs will serve proper responses to the contention interrogatories.

In response to interrogatory no. 13, Plaintiffs stated "the Declaration of Kocherlakota Chandrashekhar, dated January 14, 2021 was not produced at ING00000085-89." ING00000085-89 is attached and it is the Declaration of Kocherlakota Chandrashekhar, dated January 14, 2021. Please advise if this understanding is not correct. Further, as with many of the other contention interrogatories, Plaintiffs failed to responds to the issue of the interrogatory. Please confirm that plaintiffs will respond to interrogatory no. 13, and the other contention interrogatories, as posed.

Best regards,
Alex.



**Alejandro Menchaca**
**Attorney at Law**
McAndrews, Held & Malloy, Ltd.
500 W. Madison St., 34th Floor | Chicago, IL 60661
P: 312-775-8103
amenchaca@mcandrews-ip.com
bio | v-card | website

CONFIDENTIALITY NOTICE:
This material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then deleting it from your system. Your cooperation is appreciated.